**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BRIAN SASS,<br><br>Plaintiff,<br><br>v.<br><br>GILA, LLC d/b/a MUNICIPAL SERVICE BUREAU,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:21-cv-01728<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BRIAN SASS ("Plaintiff"), by and through the undersigned counsel complaining as to the conduct of GILA, LLC d/b/a MUNICIPAL SERVICE BUREAU ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Southern District of Texas, conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Houston, Texas, which lies within the Southern District of Texas.

5. Defendant is a debt collector which "offers outsourced third-party debt collection and call center services to government entities nationwide. In addition to third-party debt collection and call center services, MSB operates as a financial services company for municipalities in billing, notification and payment processing of delinquent municipal fees and fines[1]."

6. Defendant is a corporation organized under the laws of the state of New York with its principal place of business located at 325 Daniel Zenker Drive, Suite 3, Horseheads, New York 14845.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt in the amount of $1,920.39 ("subject consumer debt") said to be owed by Plaintiff.

9. Upon information and belief, Defendant acquired collection rights to, or was otherwise assigned the subject consumer debt for collection purposes, sometime after Plaintiff defaulted on the subject consumer debt.

10. On or around March 22, 2021, Plaintiff received a collection letter ("Collection Letter") from Defendant attempting to collect upon the subject consumer debt.

[1] https://www.msbselfserve.com/AboutUs.aspx

11. The Collection Letter was the first correspondence Plaintiff received from Defendant in connection with the subject consumer debt.

12. The Collection Letter was addressed to Plaintiff at his residence.

13. As the initial written communication Plaintiff received from Defendant in connection with the subject consumer debt, the Collection Letter attempts to provide the information required to be included in a debt collector's initial written communication with a consumer pursuant to 15 U.S.C. § 1692g(a).

14. However, Defendant's Collection Letter fails to clearly indicate the entity to whom the debt is owed.

15. Throughout the collection letter, the only information indicating the entity to whom the debt *may* be owed to is "City of Houston-EMS."

16. This deficient identification misled and deceived Plaintiff as he was unsure as to the precise entity to whom he owes the subject consumer debt, and similarly leaves the unsophisticated consumer, who may lose bills and forget about debts, confused and unsure about the precise entity to whom any debt would be owed.

17. As such, Defendant's Collection Letter fails to adequately identify, to Plaintiff and unsophisticated consumers, the current creditor of the subject debt.

18. Confused by the nature of Defendant's Collection Letter, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, deprivation the ability to intelligently address the subject consumer debt given Defendant's violations of law, distress stemming from dealing with Defendant's misleading and

deceptive behavior, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the subject consumer debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant further is a business the principal purpose of which is to collect debts owed to Defendant's clients.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. Medical bills incurred for personal purposes constitute a "debt" under the FDCPA.

### a. Violations of 15 U.S.C. §1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e and e(10) through the deficient identification of the current creditor of the subject consumer debt in the Collection Letter. Defendant's failure to clearly identify the entity to whom the debt was owed misled and deceived Plaintiff as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

**b. Violations of the FDCPA § 1692g**

28. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial written communication with consumers, provide consumers with various pieces of information regarding the debt and a consumer's rights to seek validation of the debt serving as the basis for the debt collector's collection efforts. Pursuant to 15 U.S.C. § 1692g(a)(2), a debt collector must adequately provide "the name of the creditor to whom the debt is owed."

29. Defendant violated § 1692g(a)(2) through its failure to sufficiently identify the name of the creditor to whom the debt is owed. Although Defendant lists "City of Houston-EMS", Defendant's use of this indication as the *only* means to identify the creditor is not sufficient as Plaintiff and unsophisticated consumers would not, based on that identification, understand the precise entity to whom the debt would be owed. Plaintiff was confused and unsure about the entity to whom the debt is owed, further causing injury to Plaintiff's ability to go about intelligently addressing the debt serving as the basis of Defendant's collection efforts.

WHEREFORE, Plaintiff BRIAN SASS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II- VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Tex.Fin.Code Ann § 392.001(1).

32. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

33. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it obligation, or alleged obligation, arising from a transaction for personal, family or personal purposes.

### a. **Violations of TDCA § 392.304**

34. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any...false representation or deceptive means to collect a debt or obtain information concerning a consumer."

35. Defendant violated the TDCA through the deficient identification of the current creditor of the subject consumer debt in the Collection Letter. Defendant's failure to clearly identify the entity to whom the debt was deceived Plaintiff as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

WHEREFORE, Plaintiff BRIAN SASS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex.Fin.Code Ann § 3092.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 25, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. 3098183
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com